UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-20465-JB

JULIO JUAN GARCIA,

    Plaintiff,

v.

ALAIN RODRIGUEZ,
*et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' BILL OF COSTS

**THIS CAUSE** is before the Court on the "Verified Motion and Memorandum of Law in Support of Bill of Costs" ("Motion"), ECF No. [241], filed by Defendants Jesus Martinez, Christopher Fernandez, Gregory Waddell, Alejandro Estevez, Miguel Reyes, Robert Love, and Alain Rodriguez (jointly, the "Defendants") on February 26, 2026.  For reasons stated below, the Defendants' Motion is **DENIED**.

## I.      RELEVANT BACKGROUND

On September 26, 2022, a *pro se* Third Amended Complaint ("Third Amended Complaint"), ECF No. [96], with supporting Memorandum ("Memorandum"), ECF No. [85], brought pursuant to 42 U.S.C. § 1983, was filed by Plaintiff Julio Juan Garcia ("Plaintiff").  After screening the Third Amended Complaint, the Court entered an Order, ECF No. [95], allowing the Fourteenth Amendment excessive use of force claim to proceed against Defendants Rodriguez, Fernandez, Martinez, Waddell, Reyes, Love, and Estevez; and the Fourth Amendment unreasonable search to proceed solely as to Defendant Fernandez.  *Id.* at 6.

On February 4, 2026, after Plaintiff filed a response, ECF No. [201], to the motion for summary judgment ("MSJ"), ECF No. [176], filed by the Defendants, the Court entered an Order, ECF No. [238], granting the MSJ and separately entered Final Judgment, ECF No. [239] in favor of Defendants and against the Plaintiff.

On February 26, 2026, Defendants filed the Motion, ECF No. [241] presently before the Court for consideration.

## II.      APPLICABLE LEGAL STANDARD

It is well settled that Federal Rule of Civil Procedure 54(d)(1) "'establishes a presumption that costs are to be awarded to a prevailing party but **vests the district court with discretion to decide otherwise**.'" *Scott v. Miami-Dade Cnty.*, No. 21-13869, 2023 WL 4196925, *8 (11th Cir. 2023) (quoting *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (emphasis added). "'[W]here the trial court denies the prevailing party its costs, the court *must* give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power.'" *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (emphasis in original).

"'To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so.'" *Id.* (quoting *Chapman*, 229 F.3d at 1039). District courts may consider "'[a] non-prevailing party's financial status'" in determining the award of costs. *Id.* (quoting *Chapman*, 229 F.3d at 1039). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Matthews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citations omitted). For purposes of Rule 54(d), usually "the litigant in whose favor judgment is rendered is the prevailing

party." *Head*, 62 F.3d at 354 (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978). The costs that are recoverable from a losing party are delineated in 28 U.S.C. § 1920.[1] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). A court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See id.* at 440–44.

## III.      DISCUSSION

In the Motion, Defendants argue they are the prevailing party because Final Judgment, ECF No. [239], was entered in their favor following the Court's Order, ECF No. [238], granting Defendants' Motion for Summary Judgment. ECF No. 241 at 1. Thus, Defendants claim they are entitled to recovery of $4,158.40[2] in costs as

---

[1] Pursuant to 28 U.S.C. § 1920, the following are allowable costs:

    (1) fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplication and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under 28 U.S.C. § 1923;

    (6) Compensation of court appointment experts, interpreters, and costs of special interpretation services.

[2] Defendants seek $4,158.40 in reimbursement for the costs paid to serve subpoenas, for copies of recorded transcripts, and for copies of materials necessarily obtained for use in the case. ECF No. [241-1] at 1-2; ECF No. [242] at 1–16. Section 1920(2) provides for the taxation of "fees for printed or electronically recorded transcripts *necessarily obtained* for use in the case." 28 U.S.C. § 1920(2) (emphasis added); *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). The cost of deposition transcripts is taxable under this provision. *BVS Acquisition Co., LLC v. Brown*, No. 12-80247, 2015 WL 12921971, at *3 (S.D. Fla. Aug. 5, 2015) (Middlebrooks, J.) (citing *W&O, Inc.*, 213 F.3d at 620-21).

itemized in their attached Bill of Costs, ECF No. [241-1] and supporting exhibits, ECF No. [241-2].  *Id.* at 1.

Plaintiff is currently an inmate with the Florida Department of Corrections ("FDOC") serving a fifteen-year term of imprisonment for conspiracy to traffic drugs and multiple counts of attempted first degree murder entered in Miami-Dade County Circuit Court, Case No. F20-14622.[3]  According to the FDOC Corrections Offender Network, Plaintiff's current release date is January 3, 2035.

After Plaintiff filed this civil rights action, the Court entered an Order granting Plaintiff leave to proceed *in forma pauperis*, ECF No. [19], after reviewing Plaintiff's motion together with the required six-month inmate account statement, ECF Nos. [16], [17].  On this record, the Court finds Plaintiff has sufficiently demonstrated clear proof of indigency, incapable of gainful employment while an FDOC prisoner.

Further, courts have determined that "'[c]osts may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award,'" *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n. 14 (1981), or when "'the losing party's inability to pay will suffice to justify denying costs.'  *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999)."  *Bigleman v. Kennametal, Inc.*, No. 3:18-cv-00276-JMC, 2019 WL 6524647, at *1 (D. S.C. Dec. 4, 2019); *see also Karsjens v. Harpstead*, No. 1-3659 (DWF/TNL), 2024 WL 3791991, at **2–3 (D. Min. Aug., 13, 2024) (denying Bill of Costs, considering whether claims brought in good faith, noting

---

[3] *See* Forida Department of Corrections, Corrections Offender Network, Inmate Population Information Detail, located on-line at https://pubapps.fdc.myflorida.com/OffenderSearch/InmateInfoMenu.aspx.

case brought issues of great public importance, noting the chilling effect imposing costs would have on future civil rights actions, and finding Plaintiff was indigent, lacked ability to pay). The Court finds the *Karsjens* factors persuasive.

The Court finds this case was vigorously litigated and involved an issue of public importance concerning an unlawful search under the Fourth Amendment and an excessive use of force claim under the Fourteenth Amendment. *See Karsjens*, 2024 WL 3791991 at *2 (citing *Goolsby v. San Diego*, No. 17-cv-564, 2020 WL 6361876, at *4 (S.D. Cal. Oct. 29, 2020) (nothing that a case involving a violation of the Eighth Amendment was important for safeguarding individual civil rights while incarcerated). The Court has also considered the "chilling effect 'that imposing costs would have on future civil rights actions.'" *Karsjens*, 2024 WL 3791991 at *2; *see also Hanger v. Gawron*, No. 95-cv-30239, 1998 WL 199982, at *1 (D. Mass. Apr. 22, 1998) (finding an incarcerated indigent plaintiff should "not be unduly intimidated by the threat of imposition of costs"). The Court further finds that if costs are imposed, it could have a "potential chilling effect" on other *pro se* prisoners especially given the claims raised in this civil rights action.

Finally, the Court finds it is unlikely Plaintiff will be released in the immediate future given his lengthy prison sentence and expected release date in 2035. Plaintiff is currently not earning any income while in prison. It is unlikely Plaintiff will be released in the immediate future and able to earn any income while incarcerated, at least until he is eligible for work release when he is closer to his expected release date in 2035. Therefore, the Court finds Plaintiff's ability to earn an income is

substantially limited, and an award of costs would "undoubtedly cause an undue hardship on Plaintiff[] . . .." *Karsjens*, 2024 WL 3791991 at *3.

Plaintiff brought his claims in "good faith;" and the claims involved issues "of great public importance," which were "vigorously litigated" through summary judgment, and Plaintiff will not likely be able to pay any costs imposed in the future. Moreover, imposing costs in this case could have a potential chilling effect on future filings by other inmates. For all of these reasons, the Court finds the "equitable thing to do" is "to deny costs entirely in this case." *Karsjens*, 2024 WL 3791991 at *3 (denying Defendants' Bill of Costs).

## IV.   CONCLUSION

Accordingly, upon review of the Motion, the record, and pertinent authorities, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion, ECF No. [241], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on this 12th day of March, 2026.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Julio Juan Garcia, *Pro Se*
DC#A32071
Sumter Correctional Institution
Inmate Mail/Parcels
9544 County Road 476B
Bushnell, FL 33513

**Erica Sunny Shultz Zaron. Ass't Cnty. Att'y**
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Email: zaron@miamidade.gov